IN THE UNITED STATES ~~BANKRUPTCY~~ *District* COURT
FOR THE DISTRICT OF COLUMBIA

APPEALS DIVISION

IN RE:                                            CASE NO: ~~03-00925~~

FANNIE PLAIN                                      ~~CHAPTER 13~~

DEBTOR                                            07-1199 Rmu

MOVANT

CHASE MANHATTAN MORTGAGE

---

MOTION FILED FOR JUDICIAL REVIEW

Several times before, I have filed a request for "Judicial Review" regarding the request for attorney fees that were made my Attorney Roxanne Rosado. I believe the fees and the court time used in this case never should have occurred and it is excessive. The court time was used as a means of postponing the case so that another accumulation of fees could be charged off to the account. I have written a number of times to the court stating that the mortgage company Chase Manhattan has not kept accurate records and they have mixed up the payments that were to be applied to the second mortgage to that of the first and vice versa. I have alluded to this in many statements to the judge, to Chase and the firm representing them in court and no one wanted to listen. Chase Manhattan was never ordered to correct their records. The judge stated that I should have had an attorney with me and it would have gotten it straightened out long ago. How can I ever be able to afford an attorney when Draper and Goldberg have often filed for attorney fees that were unwarranted? The judge has always accepted whatever attorney fees they have claimed in the case. I have mentioned several times that there is a total of $1,786.00 that was never applied to the account dated back to 2002. The judge and the attorney have stated that this amount should have been brought to their attention in 2002. Now it is considered to be a mute issue. This amount is two payments for the first mortgage. This amount would wipe out all previous transactions relating to attorney fees. As to date, no one has wanted to deal with the cancelled check that should have been applied to my account in 2002. How can I continue to accept attorney fees that they make up? Why would I not be informed that you are charging me for receiving phone calls or opening

RECEIVED
AUG - 1 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

letters and reviewing bank statements? You requested information in a Discovery and you are reviewing it at my expense. If they usually say, "I am calling in reference to collecting a debt on the behalf of the company, why could I not be informed that you are charging me for reviewing or receiving phone calls from me

I have provided the court with a number of Motions and I certainly hope your office will review the court hearings, letters of communications from the attorney, letters from me and the responses from the judge. I have provided some attachments to be reviewed by the Appeal Division of the United States Courts.

Sincerely,

*Fannie Plain*

Fannie Plain
July 31, 2007

## CERTIFICATE OF SERVICE

I hereby certify that copies of the motion requesting an appeal of the attorney fees filed by Attorney Rosado be for Attorney Clarke be cancelled was mailed to the following parties on July 31, 2007:

L. Darren Goldberg, Esquire
James E. Clarke, Esquire
Attorneys for Movant
Attorney Steve J. Kushnir
Bar No. 269530
Draper and Goldberg, P.L.L.C
803 Sycolin Road, Suite 301
Leesburg, VA 20175

Cynthia Niklas
4545 42nd Street, N.W. Suite 211
Washington, D.C. 20016

U.S. Trustee for Region Four
c/o B. Amon James
U.S. Trustee's Office
115 South Union Street
Suite 210 Plaza Level
Alexandria, VA 22314

Clement Eyo
5902 Homewood Court
Lanham, Maryland 20706

*Fannie Plain*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

IN RE:

FANNIE PLAIN
Account Number
(2711093453 first mortgage)

Case No. 03-00925-SMT
(Chapter 13)

DEBTOR

        Plaintiff

V.

CHASE MANHATTAN, LLC

        Defendants

---

MOTION REQUESTING THAT THE ATTORNEY FEE REQUESTED/ FILED BY ATTORNEY ROXANNE F. ROSADO AND DRAPER AND GOLDBERG, ET,. BE DENIED. *MOTION FOR JUDICIAL REVIEW*

---

I, Fannie Plain am requesting that the attorney fees submitted by Roxanne F. Rosado be denied based on the following assessment:
1) The fees that have been listed with the courts are excessive.
2) Sine the first and second mortgages dealt with the same issues, those issues could have been resolved on the same day.
3) This attorney purposely chose to handle the first and second mortgage on different dates in order to accumulate attorney fees in both cases.
4) I have seen the amount of attorney fees for the first mortgage which is listed at $3,085.00. The attorney fees for the second mortgage have not been made available, therefore, I do not know what those fees are. If those fees are as enormous as the fees for the first mortgage, then, I would like to know how the courts can approve attorney fees in excess of over $5,000.00 for the first/second mortgage that should have been handled on the same day attorney. The content of both cases were the same. In both the second and first mortgage, they were attempting to foreclose on the property.

5) A motion was filed requesting a Relief From Automatic Stay on April 12, 2006. In the body of the request, the attorney never once alluded to whether he was speaking about the first or the second mortgage. He also listed the wrong address for the property. Attorney James Clarke listed the address of my property as 1221 Hamilton Street, N.E., Washington, D.C. 20011. The address should have been listed as 3801 Blaine Street, N. E., Washington, D.C. 20019. The Judge Teel recently sent a letter to Draper and Goldberg asking them to correct the mistake and re-file the request asking for a Relief From Automatic Stay. In the meantime, the correction has been made. However, Attorney Roxanne Rosado has requested attorney fees from me which include the letter that was sent by Attorney Clarke containing erroneous information, she too have been sending me a number of communications with the same mistakes used by Attorney Clarke in April 2006 and using time to recently correct the mistake once it was pointed out by Judge Teel's Office.

6) When I received the April 14, 2006, letter from their office, I contacted Mr. Demarco, legal assistant for Draper and Goldberg and he advised me that they would not be setting up the case and it would be he who would be completing the scheduling. From April through November, I did not realize that they were writing to attempt to foreclose on the first mortgage. They continued to ask for a continuance in the case. All along, I thought this was for the second mortgage. Matter of fact, I sent Attorney Roxanne Rosado a check for $1,790.00 in October and she wrote back two weeks later asking me where should she apply the money. It was only in November that she advised me that the foreclosure request had been filed for the first mortgage.

7) Attorney Rosanne Rosado started requesting discovery information to prove that my payments had not been made in early October 2006.

8) First of all, the hands changed from Mr. DeMarco to Attorney Rosanne Rosado and I never knew what was going on. The excessive letters requesting discovery information was sent to three different addresses. I have repeatedly asked the attorney's office to send all communications to P.O. Box 62022, Washington, D.C, 20019. They chose to ignore my request and send correspondences wherever they wanted to send it. Here again, creating more attorney fees for the errors they continued to make.

9) The addresses used in the current certificate of service dated December 20, 2006 shows that Attorney Rosado does not respect my request to send the communications to the address above listed address only. It also shows that she has listed the P.O. Box twice and has just recently sent communications to 5902 Homewood Court, Lanham, Maryland 20706 on too many different occasions. (November 16, 2006). Here again, an unnecessary accumulation of attorney time and postage.

10) The request filed by Attorney Rosado requested discovery materials in order to determine whether or not I had made my mortgage payments was unnecessary. The excessive information mailed out to four different addresses was excessive. This again was done in order to accumulate attorney fees in the case. In the meantime, I have not had any communications with Case Manhattan regarding the account. The account history listed by the Attorney Clarke shows a partial

account history. An account history issued in court on December 07, 2006 shows that Chase Manhattan has posted the money sent for the second mortgage incorrectly. I have repeatedly asked the Chase Manhattan, Draper and Goldberg's attorney and the court to require Chase Manhattan to apply the money to the correct account. (Be it the first or the second mortgage). The request for a Relief From Automatic Stay was filed in April 2006. The report filed stated that I was missing four payments. It does not state the months the payments have not been paid. The payment history that was submitted to the courts in April 2006 was dated June 18, 2003- thru March 2006. Some of the payments were covered in previous transactions with the court. Some of the payments were not reflected with the history filed with the courts on April 2006. A payment of $2,004.00 was given to Chase to be used for the first mortgage and the second mortgage in February 2005. ($856.00 for two payments on the first mortgage and $246.00 for the second mortgage. In addition, check No. 5602 was also issued in February 2005 as an $899.00 payment). In May 2005, the payment for $1,000.00 shows up as being applied to the first mortgage and it should have been applied to the second mortgage. In August, a payment of $1,067.00 was applied to the first mortgage. At least $246.00 should have gone to the second mortgage. Two payments were received in August 2005 thereby covering the payment recorded as missed in July 2005). After all of the payments have been applied, there should be no reflection of four missed payments.. I have not filed a request to allow Chase Manhattan to accept documentation once proof has been obtained. The dates provided to the courts on December 07, 2006 do not reflect the correct account history. In 2006, the missed payments are reflected as January, February, April, July, September and October 2006. There were two payments received in May 2006 reflecting the missed payment for April 2006. In November, I sent a cashier check totaling $3,598.00 to cover any missed payments. It should have covered four missed payments. An additional check was paid in November 2006 for $899.00. Additional monies were paid in December totaling over $1,710.00 to cover any additional payments. The case history from June 2003-December 2005 has been previously dealt with in court prior to the request filed in April 2006. I am responding to the request for attorney fees that have already been previously addressed and it should not continue to be an issue in the attorney fees that are currently being requested on December 20, 2006. I contend the attorney made several mistakes in the April 2006 filing and its attorney fees should not factored into the amount that is currently being requested.

11) There is still a check that was dated July 09, 2002 for $1,780.00 that still does not reflect in any of the accounting histories that have been provided to me. I have asked Chase Manhattan, the courts and the attorney's that work for Draper and Goldberg to let me know when and where this amount was applied. As to the date, the courts have not asked Chase Manhattan through their attorney to show where these funds have been applied. On December 07, 2006, the judge stated that this should have been requested in the proof of claim. I contend that all along, I have been asking for assistance with located where the funds were applied in 2002. If Chase Manhattan is allowed to go back into the account

history and pull out information dated back to 2003, I should be allowed to go back and request that proof be provided to me. It seems that Chase Manhattan can complete any calculations they want to but I am not allowed to submit/re-submit information that might affect my case.

12) I am not admitting that the account history that Chase Manhattan has provided is accurate. I have asked the courts to allow me an opportunity to submit any banking information I should be allowed to forward Banking statements to Chase Manhattan (in the future) to refute any incorrect accounting history Chase Manhattan has in its files.

13) On December 07, 2006, I brought to the court the attention that there was an outstanding check in the amount of $1,780.00 paid in 2002 seemed to have not been credited to my account.

14) Ans. From the judge, "You should have been brought this out long before now".

Response: I explained this was brought to the attention of the court on many occasions before but the court refused to address my concern

15) I also mentioned to the judge that there were monies that had been applied to the first mortgage that should have been applied to the second mortgage
Ans. He never once asked the lawyer to require Chase Manhattan to straightened out the account. His reply was you should have hired an attorney to get these accounts straightened out.

16) Judge, "Attorney Rosado, do you know what the attorney fees are in this case?"
"Attorney Rosado walked away to check on the fees but later returned to tell the judge that she could not get a report from the office but that the amount would be submitted to the court at a later date".
Ans. Judge, "As soon as you know what the fees are, submit it to the court and Ms. Plain will have fourteen days to object to the amount". Plain, "Judge, I would like to have more that forty five days to pay the amount. The attorney's at Draper and Goldberg have given a payment arrangement for the money they charged me back in April 2005". (At that time I received attorney fees for $900.00. A fee schedule was submitted to the court that I agreed to follow. When the pay schedule was followed for the second mortgage, Chase applied the money to the first mortgage even up to the $1,000.00 that was given in court in May 2005  These kinds of mistakes has landed me in court reflecting that the payments were not made).

17) Upon leaving the court, the judge on December 19, 2006 sent an order directing me to pay the money to the attorney at its Leesburg, Virginia address. On December 07, 2006, in open court, there was no mention of the Leesburg, Virginia address. Why did the judge suggest on December 07, 2006 that I get the payment into Chase by December 15, 2006? I received a communication from

their office indicating a different address long after the payment was due. His letter was dated December 19, 2006. In addition, I agreed in court on December 07, 2006, I would send the amount of $1,710.00 to Chase Manhattan. Why was the amount in his letter of December 19, 2006 changed to $1,679.48? This is an indication that there was some communication with the attorney long after the court date of December 07, 2007.

18) On Page 2 of the order issued on December 19, 2006 (letter D), states that' "In addition to curing the arrears, the debtor should pay the attorney fees within forty-five days from the time the amount of attorney fees becomes fixed either by failure to object, reasonable objection, or determination of the court". I explained to the judge that this statement would allow the attorney to fix whatever fees she wants to and I am expected to pay those fees. The attorney has sent to the court her fee amount has been set at over $3,000.00. I am opposed to the amount of fees that have been set by the attorney. I contend that Chase Manhattan never was required and as to date, has not revisited the accounts to apply the mortgage payments to the correct account. The fee she has recommended is based on the first mortgage. She claims her fees were computed from October 20, 2006 thru December 07, 2006

19) The judge further stated in his order dated December 19, 2006 that "If any of the payments described herein are not timely made, then Chase Manhattan shall file and serve a Notice of Default to the Debtor and the Trustee. The Notice of Default shall contain the full amount needed to cure the default including any attorney fees associated with its legal rights under applicable law with respect to the property". Attorney Rosado did not provide a list of the attorney fees until after the judge sent out his letter dated December 19, 2006. Her letter was dated December 20, 2006. The statement gives Draper and Goldberg an opportunity to foreclose on the property if the attorney fees are not paid. This also gives the law firm an opportunity to add additional attorney fees onto what has already been filed. This is wrong and outrageous. Here again, Draper and Goldberg and Attorney Rosado are contriving to take control of the property through any means necessary. This is terribly wrong and unacceptable. I came to the bankruptcy court for assistance. The judge's statements are authorizing Draper and Goldberg to proceed with foreclosing on the property because they attorney has chosen to add unnecessary attorney fees to the account. It was not necessary for her to request discovery information in the case, changing for receiving correspondences from me, advising me of the need for documentation, reviewed status of file, review file history and reviewing correspondences form the client, review status of case and review her notes. This was totally unheard of. She asked me to send her information and now she is asking me to pay her for receiving the information. The courts are assisting Draper and Goldberg to steal my property from me. They have refused to apply the money I have sent them for both mortgages to the correct account numbers. Chase Manhattan continued to ask for a continuance in the case after the filing in April 2006. What was the purpose? Was the purpose for the continuance to continue to accumulate attorney fees in

the case? This is a bad way to accumulate money for your work. I am on a straight salary and I cannot require my employer to pay me more than what I am earning. Of course, I can say that I should be paid a lot more but it is fixed and there is nothing I can do about it. I cannot determine when I am paid. I am paid on a contract. I am disappointed that the courts would attach such a rider to the orders that will allow Chase to foreclose on the property without clearly getting the issues I have brought up cleared. It seems that no one seems to want to make Chase Manhattan do what they are supposed to do. The problem comes to be mind and I am forced through the courts and the lawyers to do what they say do. A threat to justice here is a threat to justice everywhere.

20) The mortgage contract between me and Chase has been broken. The fees they have imposed on me from April 2006 onward shows a lot of mistakes were made by Chase Manhattan and the attorney. The attorney filed the wrong address in his first filing in April 2006. It was not cleared up before December 2006. Why am I being asked to pay for the mistakes of Chase Manhattan its attorney's? Some of the checks I sent to Chase were not listed in the payment history filed by the attorney in April 2006. I do not know if they will make the corrections so that the payment amount is lowered. In addition, I sent Attorney Rosado a check for $1,700.00 in October. It did not show up in her payment history filed with the court until November 2006.

21)) Judge Teel stated that I admitted in opened court that I had missed payments in November and December 2006. I stated to the court that I did not owe any payments. The judge stated that Attorney Rosado and I needed to sit down and work out what was past due. The judge called for a recess. During the meeting, I continued to argue that I did not owe the payments she mentioned. She was getting very upset and it reflected in her tone with me. I was very angry as she was insisting that I agree with her when it was clearly not the correct thing to do. She repeatedly insisted that I come to an agreement with her on the amount owed. Attorney Rosado continued to insist that we reach an agreement on what was owed otherwise the judge will not be able to grant the relief from stay. I agreed with hestitation that the payments were now due. I did not know that she and the judge would come later to use it in a stated report against me. The payments for the second mortgage had been applied to the first mortgage. How could the report state that the payments were missing when there were several months whereby the payments reflected double payments of $899.00? The position taken by Chase Manhattan to foreclose on the property has long been withstanding.

22) On November 07, 2002, I filed for bankruptcy. In January 2003, Attorney James Clarke filed for a Relief from Automatic Stay claiming that a payment of $822.08 had not been paid to Chase Manhattan. I filed to challenge the Relief From Stay. Before the hearing, the Bankruptcy Court dismissed the case. Based on not receiving a financial document. The financial document was already in their files. In the meantime, Chase Manhattan filed for foreclosure on the property because the courts dismissed the case. I hired an attorney and requested an emergency

hearing in order to prevent foreclosure. The emergency hearing did not take place until sometime in May 2003. Judge Teel at that time realized that several mistakes had been made. The mistake had not been made by me but had been made by the court. I was given another case file number. Draper and Goldberg filed a proof of claim with the courts which included the fees they accumulated from March 2003 until May 2003. Thee charges should never have been borne by me. The courts made the mistake in cancelling the initial bankruptcy case. (02-02177-SMT) In the Proof of Claim, I asked Chase Manhattan how they arrived at the amounts they were asking me to pay. As to date, they still have not supplied me with an account history as to how they arrived at the fees amount they were charging in the case. The judge never once ordered them to follow through with my request and show how they calculated the fees amount they were charging. Not only did I get that extra fee amount but I had to also pay my own attorney for the fees he charged.

23) (11.) Now, it is 2006, and Chase Manhattan and the attorney's are asking the Judge to allow them to charge whatever fees they want to charge. In the second mortgage case, I have received a charge from Chase Manhattan reflecting a miscellaneous charge of $1, 257.46. Where did this amount come from? How could this case come to the courts? It clearly reflects in the history of the first mortgage account that Chase misapplied several of the payments to the first mortgage. They never once corrected it through the judge. The case was heard on September 27, 2006. The information regarding the second mortgage came in late August. (It came after Susquehanna Bank filed their request with the court. Their request was to show that all payments had been received but because the insurance and county taxes had increased, my payments had not been adequate. I received an attorney fee of $900.00 from their attorney's). The thought came to Chase Manhattan to hit me while I was down. They too filed a request with the courts for monies they claimed that were owed on the second mortgage. Attorney Rosado never once asked for discoveries and all of the other enumerated charges on the second mortgage. I never once received a payment history on the second mortgage. She and Chase Manhattan concluded that I owed three payments. (Clearly the payment history supplied to the courts on the first mortgage shows that payments in the amount of $246.00, the post petition payments and other fees were applied to the first mortgage. The payment history was supplied to the courts in April and November 2006). I was unaware of the court hearing on September 27, 2006 for the second mortgage until I received a called from Attorney Rosado at around 2:20 p.m. on that day. She promised she would call me back after she checked with her office to determine if the notice to report to court had been mailed to my address. She never once called me back and went on with the hearing. I could not understand why she went on with the hearing when the amount they claimed I owed had been sent to Chase Manhattan on September 18, 2006. The check was cashed by Chase Manhattan on October 02, 2006. How could she proceed in court with a hearing when Chase Manhattan had misapplied the second mortgage money to the first mortgage? In addition, I had sent them an additional $732.00 which they cashed and applied it to the second mortgage.

24) Why am I getting attorney fees for the second mortgage for $1,257.46? I never received any information from attorney Rosado regarding her fees for the second mortgage. How could the judge agree to allow her to charge the attorney fees for this amount and no notification was ever sent to me? Why did I not have an opportunity to object to these fees? Why did the judge not send an order outlining how long I would have to remit the attorney fees in the second mortgage case? What happened to the forty-five days in the second mortgage case? Why did Attorney Rosado not send a list of what her fees consist of in the second mortgage case as she has done in the first mortgage case? The judge is authorizing that I pay attorney fees for both cases in the sum of $4,342.46. This means that if these attorney fees are not paid, Chase Manhattan and Attorney Rosado can start foreclosing on the property and I will have an accumulation of additional attorney fees and whatever other charges they may decide to impose? How and why does this happen? I mentioned the first mortgage and the second mortgage simultaneously on December 07, 2006. What was the purpose of accumulating attorney fees at different intervals in both cases? Both cases should have been heard at the same time. Why would the judge approve attorney fees in both cases? Why would he ask her to submit attorney fees in both cases and with such an enormous amount in the first mortgage case? Why would he order me to pay the attorney fees in forty five days or face foreclosure and additional attorney fees? Chase Manhattan has a mortgage recovery process, why are the attorney's ignoring this part of the mortgage contract? If the account has been paid down from $78,280.00 (1992) to $6298.04 (2006), why does Chase Manhattan wants to continue to add more fees and attempt to foreclose on the property? The attorney's doe not want to see the property paid off. The lesser amount should demonstrate that I have been paying the mortgage payments.

25) Finally, I contend that Chase Manhattan should remove the attorney fees from the charges assumedly incurred in court for the second mortgage. The mortgage was paid long before September 27, 2006. I am also asking that the attorney fees in the amount of $$3, 085.00 be denied. Chase Manhattan has not been properly applying the money mailed to them to the appropriate account. There are two different mortgages and they are applying more of the money to the first mortgage and none to the second mortgage. The attorneys should have been working closely with me to make sure all monies were transferred to the correct account. Their objective seemed to have been to create more attorney fees for themselves. I cannot pay the false attorney fees filed with the courts and I should not be forced to pay fees for issues they chose to create. What was the purpose of the discovery request? Clearly, the history showed that the account was paid double in many instances. No one cared to apply the money to the correct time period.

26) I am requesting that the court order Chase Manhattan and its attorney's to pay me for the time I have used in preparing information for both cases, the requesting, paying for and retrieving of financial statements from the credit union, lost of time from work, receiving phone calls from the attorney, postage for mailing

letters, sending payments through express mail, stationary usage, transportation to and from court, cell phone usage, etc. I am asking the judge to order Chase Manhattan and its attorney to pay me the sum of $3,542.46 for the said services. The time to cure the amount should be completed in forty-five days. There should be no additional fees authorized to be added to my account as a result of my request for payment.

---

Sincerely,

*[signature]*

Fannie Plain
202-256-1934

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF COLUMBIA

IN RE:

FANNIE PLAIN                                    Case No. 03-00925-SMI

                                                (Chapter 13)
    Debtor

---

FANNIE PLAIN

    Plaintiff

V.

CHASE MANHATTAN FINANCE LLC

    Defendant

---

MOTION TO DENY RELIEF FROM AUTOMATIC STAY
AND C0-DEBTOR's STAY

I am asking the court to deny the request filed by Chase Manhattan to terminate the Automatic and Co-Debtor Stay based on the information they have provided.

I contend that I have made several telephone calls and have written to the attorney's representing Chase Manhattan asking them to inform me of where the payments I have been sending to their office was being applied. I continued to call 703-777-7101 throughout the month of June 2006 and I repeatedly spoke with Daniel De Marco on several different occasions. He mentioned he had requested a history of the account from Chase Manhattan but he found it difficult to communicate with Chase Manhattan and they were not responding to his request. He further stated he would be in touch with me as soon as he was able to establish communications with Chase. As to date, there has been no positive feedback from Mr. Daniel De Marco. I am deeply saddened to receive this communication from Chase Manhattan stating they are requesting a relief from stay in order to foreclose on the property at 3801 Blaine Street, N.E., Washington, D.C.

Secondly, according to statements made by the attorney's, we owe a sum of $14,841.60. In a number of recent statements made by Chase, they mentioned we started out with a loan note amount of $78,200.00. This shows a substantial drop in the balance amount since the first mortgage note was paid. Chase alluded to the bankruptcy being filed in 2003. Since that time period, we have had several appearances since the case was filed. Why is the history of the account still being dated back to 2003, 2004 and 2005? I think Chase has had several times in court since that time period to prove that we were behind in payments. If the payments had not been received, why are they not attempting to work outside of the courts to collect the money? Why are we being notified about payments that were due two years ago when we have been in court many times since those dates? The balance would have been much lower if Chase had not gone to court/foreclosure three times for something they could have worked out with us long before appearing in court. They have refused to accept payments and now they are coming back to say what we owe them from 2003, it is not fair. We have repeatedly asked them to provide us with the receipt/bill they received from the auction companies and to show how they arrived at the $14,000 plus dollars we are currently paying through the bankruptcy payment plan. Despite numerous written statements filed with the courts, as to date, no one has asked Chase to show how they arrived at the charges we are currently paying. We are required to pay because Chase says that we owe them a certain amount of money. Why are they now still seeking attorney fees for filed cases in court? They can request that we pay but they cannot show us why we need to pay. They have used over $7000.00 in unnecessary fees from us which could have been used toward the mortgage payments.

Thirdly, I wrote to the court and asked them not to increase the amount I was supposed to pay. Much of that amount came from the $7,000.00 in fees that Chase added to our account. We have had a number of emergencies since we started the payments. My husband has had three different kinds of surgery. One of them involved him having his Spleen removed. It has been down hill every since that time. Last year, we had a pipe burst during the winter and an accumulated water bill of over $1,100.00. Because we had a very cold winter, the electric bill totaled over $800.00. Our gas utilities cost over $700.00 monthly. We have a mortgage of $2500.00 per month on our home in Maryland. Does that mean that we are unable to pay the bill with Chase Manhattan, no it does not. We only ask that Chase communicate with us before they decide to add more problems to us through charging us legal fees. I contend that we should not be made to pay court/attorney fees at this stage in the case as Chase Manhattan has misapplied the payments to two separate mortgages. If they are alluding to missed payments in 2003, 2004 and 2005, they have already gotten attorney fees for those years. They have no attempt to collect the debt from me before bringing this case before the courts. How do they wait three years and make a claim? Their current claim amount should have been discovered and brought to the court's attention during the time periods it occurred.

Fourthly, we contend that we should not be made to pay legal fees to chase. According to the report filed with the courts, Chase has placed payments on the account that should have gone to the second mortgage. If they contend that we owe them $4,264.40 for five months, why were we not been notified before April 14, 2006? I would like them to go back to review the account and apply the payments they have received in excess of

$899.00 to any past due amount they claim we owe. Why would Chase wait two years to say that we have five missed payments? It seems to me this would have been cleared up long before now. After all, we have been in court with Chase a number of times in 2003, 2004 and 2005.

Fifthly, I am asking the court to postpone implementing the automatic stay order until Chase Manhattan has reapplied the amount over $899.00 to the proper accounts and or give us credit for any missed payments that total $4,264.40. Chase has misapplied the amounts sent to them and they are now claiming that we owe them. I was ill from August 15, 2005 through October 20, 2005. I do not have any leave to report to court on May 04, 2006. I am on duty from 8:30 am through 3:30 p.m. I am available after 3:30 p.m. on any given day. I cannot afford to lose time not being paid for something that could have been straightened out by Chase if they had communicated with me long before now. I have attempted to seek a clarification from their attorney and they never followed though with what I asked them to do. I only wanted them to research the account and find out where they had applied the monies that were sent to them. They chose to ignore my request in order to add more problems to us. Why? We have been making the payments and the records support those payments.

Finally, I am asking your office to postpone the court date until Chase Manhattan has reapplied the amount we have previously paid to the first mortgage correctly. It seems they have been applying too much money to this account and not to the second mortgage. The account history shows they have applied $2,004.00/ $1000.00 and $1067.00 to the first mortgage and not to the second mortgage. This needs to be straightened out so that the record will reflect the correct amount for both accounts and I will know what is owed and where the mistakes were corrected. There are other payments that are not on the form. I am requesting a payment history on both accounts dated back to 2003. I am still looking for a $1,786.00 payment that was never listed on any of the account statements that was listed with the courts. This was mentioned in a letter to Attorney Stephen Kushnir in May 2005. As to date, I have not gotten a response from his office. How can they say that payments are missing when they have continued to report the payments to the wrong account or not at all? I am also requesting that Chase Manhattan continue to accept my monthly payments until the two accounts are brought current where the payments have been applied correctly to the two different accounts.

Sincerely,

*Fannie Plain*
Fannie Plain

April 22, 2006
202-256-1934

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

IN RE:                                               CASE NO: 03-00925

FANNIE PLAIN                                         CHAPTER 13

DEBTOR


MOVANT

CHASE MANAHTTAN MORTGAGE

---

Ordered:

That all attorney fees be cancelled and that the attorney fees should not be added on to the debtor's existing mortgage account. The attorney fees filed by Attorney Rosado in late December 2006 are hereby authorized to be charged off to the account of Chase Manhattan Company who has ownership of the mortgage. The debtor should not be charged any attorney fees and the installment agreement is also hereby cancelled.


Date:_____


_____
The Honorable S. Martin Teel, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that copies of the motion requesting that the attorney Fees filed by Attorney Rosado be cancelled was mailed to the following parties on April 15, 2007:

L. Darren Goldberg, Esquire
James E. Clarke, Esquire
Attorneys for Movant
Attorney Steve J. Kushnir
Bar No. 269530
Draper and Goldberg, P.L.L.C
803 Sycolin Road, Suite 301
Leesburg, VA 20175


Cynthia Niklas
4545 42nd Street, N.W. Suite 211
Washington, D.C. 20016

U.S. Trustee for Region Four
c/o B. Amon James
U.S. Trustee's Office
115 South Union Street
Suite 210 Plaza Level
Alexandria, VA 22314

Clement Eyo
5902 Homewood Court
Lanham, Maryland 20706

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA


IN RE:                                                      CASE NO: 03-00925

FANNIE PLAIN                                                CHAPTER 13

    DEBTOR


    MOVANT

CHASE MANHATTAN MORTGAGE

---

MOTION REQUESTING THAT THE ATTORNEY FEES FILED WITH THE
COURTS BE ELIMINATED ALTOGETHER AS WELL DENYING THAT THESE
FEES BE CHARGED TO MY MORTGAGE ACCOUNT.

AND

MOTION ALSO FOR JUDICIAL REVIEW

---

When we met in Court on April 07, 2007, Judge Teel, decided that he would order that I pay the attorney fees that had been filed and requested by Attorney Rosado. He refused to accept any of the statements I made in reference to dismissing the attorney fees. He claimed that the attorney had spent A NUMBER OF HOURS on the case and he did not feel that the attorney fees were excessive amount. First of all, the judge had no way of determining the validity of the number of hours spent on the case as correct. He assumed that what the attorney submitted to him was correct. I explained to him that I would be requesting a Judicial Review in the case. I also informed him that the fees were excessive and those fees should not be charged off to me. I brought up the fact that there is still $1,780.00 that cleared by bank account that was never applied to my mortgage account. He refused to entertain it as an issue other than to say that it should have been brought up in 2002. It was brought up many times but as with everything else I have brought before the court, he has ignored that it ever exist or that it was ever mentioned.

Judge Teel asked the attorney how did she expect me to pay the mortgage if her attorney fees were added to the bill. The attorney then stated that she had a plan. Her plan was to advise the judge that I should pay $253.00 plus dollars until her attorney fees were paid. The attorney's stipulations were to make sure that the attorney fees would be paid before the bankruptcy ended. Neither one of them cared to ask me if I could afford to pay the amount they had specified on a monthly basis. I did not respond as they did not care that all of the statements I had made in reference to the fees were ever taken into consideration.

Even today, why should history continue to repeat itself? There was no consideration given to me as a human being. I was totally regarded as property all over again with no rights of existence. According to the judge, throughout this ordeal, Chase and its attorney could never do anything wrong. They never were made to reapply the monies from the first mortgage to the second. They both were able to clearly see that the monies were applied to the wrong mortgage account. Yet the judge and the attorney did nothing to ask for a correction. He again he took the time to chide me for not having an attorney to represent me. The attorney for Chase has chosen at different intervals to enrich their pockets and the judge has allowed them to do so. So, why would I hire another attorney when Chase is ripping me off through the courts granting unnecessary fees? What a way to earn a living? The judge has accepted all of these briefs written to the court but Attorney Rosado could not tell the judge how much the mortgage payments were on a monthly basis. Yet he saw the need to charge me attorney fees for something that the attorney did not know.

Finally, I was unaware of the full cost of the attorney fees until late December 2006. Chase has a statement that tells the customers that they are going to collect a debt before they start to speak with them. The attorney represents Chase, why did she not inform me that each time she wrote anything to me and each time she spoke with me that she would be charging me a fee? Why would I learn about her fees in late December? It shows how deceptive the attorneys are and the courts are agreeing with unacceptable practices. I contend that I am not financially available to pay any of the said attorney fees. I have a responsibility to pay for those items I have used and that are useful to me and my family. You cannot ask me to pay for something that Chase and the attorneys created. In protecting Chase's interest, it is the responsibility of Chase to recover the attorney fees at its own expense.

Sincerely,

*Fannie Plain* (signature)
Fannie Plain
202-256-1934