IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE: FANNIE PLAIN,<br><br>Debtor/Appellant. | ) <br> ) <br> ) Civil Action No.: 1:07-cv-01199-RMU <br> ) <br> ) |

**CREDITOR/APPELLEE CHASE HOME FINANCE LLC'S MEMORANDUM
OF LAW IN RESPONSE TO MOTION FOR JUDICIAL REVIEW**

Creditor/Appellee Chase Home Finance LLC as successor to Chase Manhattan Mortgage Corporation ("Chase") files this response to pro se appellant's motion for judicial review.

This case is a bankruptcy appeal. Chase does not understand what relief appellant seeks. There is a document called "motion filed for judicial review." Attached to that document are other filings that were previously submitted to the bankruptcy court before this appeal. The motion appears to question the appropriateness of fees paid to attorney Rosado.

First of all, it appears that the relief appellant seeks should be requested in a brief under Rule 8010, Rules of Bankruptcy Procedure, and not a motion, which is governed by Rule 8011.[1] To the extent appellant is challenging a ruling or rulings, Rule 8006 also requires, before any substantive argument before this Court, filing and service by appellant of a designation of the record on appeal and a statement of issues to be presented. Appellant has not done this. DCt.LBR 8006-1 provides that "[t]he District Court may, upon motion of the appellee filed in the office of the District Court, or upon its own order, dismiss the appeal for failure to comply with Bankruptcy Rule 8006."

---

[1] Counsel is unsure whether this opposition to the motion itself is timely because counsel is unsure as to when it was sent to the offices of Chase's bankruptcy counsel. Assuming it is untimely, counsel requests leave to file per Rule 8019, since it did not receive plaintiff's motion until the day before yesterday.
LDR/.1205958

Appellant has apparently not paid the docketing fee before this Court. Appellant's Brief, which is to be filed 15 days after entry of the appeal of the docket, is also past due per Rule 8009. The notice of appeal filed appears to be untimely (thereby depriving this Court of jurisdiction) since it must be filed within 10 days of the entry of the judgment. This cannot be waived per Rule 8019. According to the bankruptcy court docket, the judgment adjudicating attorney Rosado's fees was entered April 5, 2007 (see Exhibits A and B), and the document deemed the notice of appeal was filed May 2, 2007 (see Exhibits C and D). Finally, per Rule 8013, the rulings of the bankruptcy court, as they relate to the fees of attorney Rosado, which amounted to $3085.00, were not clearly erroneous, given the record and the bankruptcy court's ability to judge credibility and observe the work.

Appellant is pro se. Chase therefore requests that the Court either (a) conduct a conference where it can explain what appellant must do, and inquire whether appellant will or can obtain counsel or (b) dismiss the appeal.

        Respectfully submitted,

        /s/ Gary C. Tepper
        Gary C. Tepper (D.C. # 348698)
        ARENT FOX LLP
        1050 Connecticut Avenue, N.W.
        Washington, D.C. 20036-5339
        Telephone: (202) 857-6000
        Facsimile: (202) 857-6395
        tepperg@arentfox.com

August 22, 2007        Attorneys for Appellee Chase Home Finance LLC

**CERTIFICATE OF SERVICE**

    I certify that on this 22nd day of August 2007, I caused a copy of the foregoing Creditor/Appellee Chase Home Finance LLC's Memorandum Of Law In Response To Motion For Judicial Review was served by first class mail, postage prepaid on:

        Fannie Plain
        3801 Blaine Street, N.E.
        Washington, DC  20019

                                /s/ Gary C. Tepper
                            Gary C. Tepper

The order below is hereby signed.

Signed: April 05, 2007.



*S. Martin Teel, Jr.*
United States Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: | |
| FANNIE PLAIN | Case No. 03-00925-SMT (Chapter 13) |
| Debtor | |
| CHASE HOME FINANCE, LLC, | Ref. Docket # 243 |
| Plaintiff | |
| v. | |
| FANNIE PLAIN., et al. | |
| Defendants | |

### ORDER DENYING DOCUMENT ENTITLED MOTION REQUESTING THAT THE ATTORNEY FEE REQUESTED/FILED BY ATTORNEY ROXANNE F. ROSADO AND DRAPER AND GOLDBERG, ET., BE DENIED

Upon consideration of the Motion Requesting that the Attorney Fee Requested/Filed by Attorney Roxanne F. Rosado and Draper and Goldberg, et., ("Opposition"), the response filed by Chase Home Finance LLC ("Chase") thereto, and for good cause having been shown it is hereby:

1

**ORDERED**, the Motion Requesting that the Attorney Fee Requested/Filed by Attorney Roxanne F. Rosado and Draper and Goldberg, et., ("Opposition"), docketed as entry number 243, is **DENIED**.

**ORDERED**, that the Statement of Attorney Fees submitted by Chase (docketed as entry number 238) are allowed.

Copies to:

L. Darren Goldberg, Esquire
James E. Clarke, Esquire
Roxanne F. Rosado, Esquire
Attorneys for the Movant
Draper & Goldberg, P.L.L.C.
803 Sycolin Road, Suite 301
Leesburg, VA 20175
(703) 777-7101


Fannie Plain
3801 Blaine Street, NE
Washington, DC  20019

Clement Eyo
3801 Blaine Street, NE
Washington, DC  20019


Fannie Plain
P.O. Box 62022
Washington, DC  20019

Cynthia Niklas, Trustee
4545 42nd Street, NW
Suite 211
Washington, DC  20016


**End of Order**

2

The order below is hereby signed.

Signed: April 05, 2007.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                           )
                                )
FANNIE PLAIN,                   )    Case No. 03-00925
                                )    (Chapter 13)
          Debtor.               )

ORDER DISPOSING OF DEBTOR'S
OPPOSITION (DE NO. 243) TO CHASE
HOME FINANCE LLC'S STATEMENT OF ATTORNEY'S FEES (DE NO. 238)

Pursuant to an oral decision of this date, it is

ORDERED that the debtor's opposition (Docket Entry No. 243) (entitled "Motion Requesting that the Attorney Fee Requested . . . be Denied") to the Statement of Attorney's Fees (Docket Entry No. 238) filed by Chase Home Finance LLC ("Chase") is OVERRULED. It is further

ORDERED that the $3,085.00 in fees stated in the Statement of Attorney's Fees are fees that must be paid as recoverable pursuant to the first deed of trust in favor of Chase, and that, pursuant to the court's order (DE No. 237), as modified below, that modified the automatic stay with respect to the first deed of trust held by Chase, must be paid as provided by that order

277

(as modified below) as a condition to the automatic stay remaining in effect. It is further

ORDERED that paragraph (d) of the court's order modifying the automatic stay (DE No. 237) is replaced by the following paragraph:

> (d) In addition to curing the monthly note payment arrearage, the Debtor shall pay attorney fees owed of $3,085.00 incurred in pursuit of the motion for relief from the automatic stay giving rise to this order, and shall pay the same by paying $258.00 per month by the last day of each month commencing on April 30, 2007, and until the $3,085.00 has been paid in full.

It is further

ORDERED that a default in making a payment as set forth in the modified paragraph (d) shall be subject to the provisions of the Order (DE No. 237) addressing the motion for relief from the automatic stay, including all of the paragraphs appearing after numbered paragraphs (a) through (e), which includes the Notice of Default procedure of that Order.

[Signed and dated above.]

Copies to: Debtor; Cynthia A. Niklas; Roxanne F. Rosado.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

IN RE:                                    CASE NO: 03-00925

FANNIE PLAIN                              CHAPTER 13

DEBTOR

MOVANT                                    **FILED**

CHASE MANHATTAN MORTGAGE                  MAY 0 2 2007

                                                                                            Clerk
                                                                      U.S. Bankruptcy Court for D.C.

MOTION REQUESTING THAT THE ATTORNEY FEES FILED WITH THE
COURTS BE ELIMINATED ALTOGETHER AS WELL DENYING THAT THESE
FEES BE CHARGED TO MY MORTGAGE ACCOUNT.

AND

MOTION ALSO FOR JUDICIAL REVIEW

When we met in Court on April 07, 2007, Judge Teel, decided that he would order that I pay the attorney fees that had been filed and requested by Attorney Rosado. He refused to accept any of the statements I made in reference to dismissing the attorney fees. He claimed that the attorney had spent A NUMBER OF HOURS on the case and he did not feel that the attorney fees were an excessive amount. First of all, the judge had no way of determining the validity of the number of hours spent on the case as correct. He assumed that what the attorney submitted to him was correct. I explained to him that I would be requesting a Judicial Review in the case. I also informed him that the fees were excessive and those fees should not be charged off to me. I brought up the fact that there is still $1,780.00 that cleared by bank account that was never applied to my mortgage account. He refused to entertain it as an issue other than to say that it should have been brought up in 2002. It was brought up many times but as with everything else I have brought before the court, he has ignored that it ever exist or that it was ever mentioned.

302 ¢ 303

2.

Judge Teel asked the attorney how did she expect me to pay the mortgage if her attorney fees were added to the bill. The attorney then stated that she had a plan. Her plan was to advise the judge that I should pay $253.00 plus dollars until her attorney fees were paid. The attorney's stipulations were to make sure that the attorney fees would be paid before the bankruptcy ended. Neither one of them cared to ask me if I could afford to pay the amount they had specified on a monthly basis. I did not respond as they did not care that all of the statements I had made in reference to the fees were ever taken into consideration.

Even today, why should history continue to repeat itself? There was no consideration given to me as a human being. I was totally regarded as property all over again with no rights of existence. According to the judge, throughout this ordeal, Chase and its attorney could never do anything wrong. They never were made to reapply the monies from the first mortgage to the second. They both were able to clearly see that the monies were applied to the wrong mortgage account. Yet the judge and the attorney did nothing to ask for a correction. He again he took the time to chide me for not having an attorney to represent me. The attorney for Chase has chosen at different intervals to enrich their pockets and the judge has allowed them to do so. So, why would I hire another attorney when Chase is ripping me off through the courts granting unnecessary fees? What a way to earn a living? The judge has accepted all of these briefs written to the court but Attorney Rosado could not tell the judge how much the mortgage payments were on a monthly basis. Yet he saw the need to charge me attorney fees for something that the attorney did not know.

Finally, I was unaware of the full cost of the attorney fees until late December 2006. Chase has a statement that tells the customers that they are going to collect a debt before they start to speak with them. The attorney represents Chase, why did she not inform me that each time she wrote anything to me and each time she spoke with me that she would be charging me a fee? Why would I learn about her fees in late December? It shows how deceptive the attorneys are and the courts are agreeing with unacceptable practices. I contend that I am not financially available to pay any of the said attorney fees. I have a responsibility to pay for those items I have used and that are useful to me and my family. You cannot ask me to pay for something that Chase and the attorneys created. In protecting Chase's interest, it is the responsibility of Chase to recover the attorney fees at its own expense.

Sincerely,

*Fannie Plain*

Fannie Plain
202-256-1934

My responsibilities are as follows:

1. Susquehanna Bank Mortgage $2,450.00
2. Dovenmuele mortgage $360.00
3. Orange Lake Country Club $246.00
4. Cingular Wireless/Verizon $230.00
5. Transportation to and from work $175.00
6. Tuition at UDC $240.00 monthly installment agreement
7. Personal Expenses $250.00

Total            $4,011.60

Note: After the bankruptcy fees are deducted, my total salary is $4,082.00 monthly. I have also been asked to make contributions to the redevelopment of my Mother's house in Louisiana.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

IN RE:                                             CASE NO: 03-00925

FANNIE PLAIN                                       CHAPTER 13

    DEBTOR

    MOVANT

CHASE MANAHTTAN MORTGAGE

---

Ordered:

That all attorney fees be cancelled and that the attorney fees should not be added on to the debtor's existing mortgage account. The attorney fees filed by Attorney Rosado in late December 2006 are hereby authorized to be charged off to the account of Chase Manhattan Company who has ownership of the mortgage. The debtor should not be charged any attorney fees and the installment agreement is also hereby cancelled.

Date:_____

_____
The Honorable S. Martin Teel, Jr.

CERTIFICATE OF SERVICE

I hereby certify that copies of the motion requesting that the attorney Fees filed by Attorney Rosado be cancelled was mailed to the following parties on April 15, 2007:

L. Darren Goldberg, Esquire
James E. Clarke, Esquire
Attorneys for Movant
Attorney Steve J. Kushnir
Bar No. 269530
Draper and Goldberg, P.L.L.C
803 Sycolin Road, Suite 301
Leesburg, VA 20175


Cynthia Niklas
4545 42nd Street, N.W. Suite 211
Washington, D.C. 20016

U.S. Trustee for Region Four
c/o B. Amon James
U.S. Trustee's Office
115 South Union Street
Suite 210 Plaza Level
Alexandria, VA 22314

Clement Eyo
5902 Homewood Court
Lanham, Maryland 20706

The order below is hereby signed.

Signed: June 27, 2007.

_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| FANNIE PLAIN, | ) | Case No. 03-0925 |
| | ) | (Chapter 13) |
| Debtor. | ) | |

ORDER

On May 2, 2007, the debtor filed a document that she captioned "Motion Requesting That The Attorney Fees Filed With The Courts Be Eliminated Altogether As Well Denying That These Fees Be Charged To My Mortgage Account And Motion Also For Judicial Review" (Docket Entry ("DE") Nos. 302 and 303). In light of the debtor's request for judicial review, the clerk's office treated the filing as a notice of appeal to the District Court. Although the debtor's motion could theoretically be construed as a Rule 60 motion for reconsideration, this court was bound to honor the debtor's express request for judicial review, and in any event, had the debtor sought Rule 60 relief, it is unlikely that this court would have granted such a motion. It is thus

ORDERED that the court will not address the merits of the debtor's filing (DE Nos. 302 and 303) or Chase Home Finance's opposition thereto (DE No. 313, filed May 14, 2007), as the court no longer has jurisdiction over this matter. It is further

ORDERED that to the extent it has not yet done so, the clerk's office is directed to promptly transmit the record on appeal to the District Court.

                                  [Signed and dated above.]

Copies to:

Debtor; James Clarke; Chapter 13 trustee