UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| In Re FANNIE PLAIN, | : | | |
| | : | | |
| Debtor/Appellant, | : | Civil Action No.: | 07-1199 (RMU) |
| | : | | |
| v. | : | Document No.: | 2 |
| | : | | |
| CHASE HOME FINANCE LLC, | : | | |
| | : | | |
| Appellee. | : | | |

### MEMORANDUM ORDER

#### DENYING APPELLANT'S MOTION FOR JUDICIAL REVIEW;
#### DISMISSING APPEAL FOR LACK OF JURISDICTION

Fannie Plain, the *pro se* debtor in a bankruptcy action, appeals a decision awarding Chase Home Finance LLC ("Chase"), the creditor-appellant, attorney fees totaling $3,085.00. On December 20, 2006, Chase filed a statement of attorney fees with Bankruptcy Judge S. Martin Teel, Jr. Appellant's Notice of Appeal, Ex. 1 ("Bankruptcy Docket") at 238. Briefing ensued, and at a hearing held on April 5, 2007, Judge Teel granted Chase's request for attorney fees. *Id.* at 276-77. On May 2, 2007, the debtor filed a motion capaciously entitled "Motion Requesting that the Attorney Fees Filed with the Courts Be Eliminated Altogether as Well Denying that These Fees Be Charged to My Mortgage Account and Motion Also for Judicial Review." *Id.* at 302-03. On June 28, 2007, Judge Teel entered an order construing the motion as an appeal, declining to address the merits of the motion and directing the clerk's office to promptly transmit the record on appeal to the District Court. *Id.* at 315. On August 1, 2007, the debtor filed another motion for judicial review with the District Court reiterating her claim that the attorney fees awarded were excessive.

Chase's opposition followed on August 22, 2007, arguing that the motions must be

denied for failure to comply with appellate procedures. Chase's Opp'n at 1. Chase notes that the debtor has not, as required by Federal Rule of Bankruptcy Procedure ("Rule") 8006, filed and served a designation of the record on appeal and a statement of issues to be presented. *Id.* Moreover, Chase continues, the debtor should have requested relief in the form of a brief on the issue under appeal pursuant to Rule 8010, not a motion pursuant to Rule 8011. *Id.* Chase further observes that the debtor filed her notice of appeal (her May 2, 2007 motion for judicial review) over 10 days after the entry of judgment (Judge Teel's April 5, 2007 order awarding attorney fees). *Id.* This, Chase concludes, violates Rule 8002, which establishes procedural prerequisites that, pursuant to Rule 8013, the District Court cannot waive. *Id.* Finally, in so far as Rule 8009 requires that an appellate brief be filed within 15 days of the entry of an appeal, Chase argues that the debtor's August 1, 2007 motion is untimely. *Id.* at 2.

      The debtor has filed no reply to Chase's opposition. But this is no matter: the debtor's appeal is so ridden with deficiencies that the court can imagine no reply that could save it from swift and summary dismissal. Chase properly chastises the debtor for styling her filing as a "motion" rather than a "brief." *Compare* FED. R. BANK. P. 8009 *with* FED. R. BANK. P. 8011. But even this technical error might be excused were the appeal substantively coherent – that is, compliant with the briefing procedures of Rule 8010 requiring: a table of contents, a citation to authorities, a statement of jurisdiction, a statement of the issues presented and a standard of review, a statement of the case, and an argument. Chase itself expresses bewilderment at the debtor's motions, claiming that it "does not understand what relief appellant seeks." Chase's Opp'n at 1. While this may protest too much – the plaintiff clearly seeks rescission of the award of attorney fees to Chase – it may be fairly said that the debtor's motions proffer a catalogue of

complaints rather than an exposition of legal arguments. *See* Appellant's Mot. for Judicial Review (Aug. 1, 2007) at 1-2 (complaining "How can I continue to accept attorney's fees that they [Chase] make up"; and asking "why could I not be informed that you are charging me for reviewing or receiving phone calls from me"); Appellant's Mot. for Judicial Review (May 2, 2007) at 2 (bemoaning that "[t]here was no consideration given to me as a human being. I was totally regarded as property all over again with no rights of existence"; and "[a]ccording to the judge . . . Chase and its attorney could never do anything wrong"). Given the above, the court cannot possibly address the appellant's claim of error on the merits – the establishment of which might have resulted in the court directing the appellant to brief her claim in a proper manner. *See* Fed. R. Bank. P. 8006 (providing that "[t]he District Court may . . . dismiss the appeal for failure to comply with Bankruptcy Rule 8006"); Local Bank. Rule 8009-1 (providing that if "the appellant fails to serve and file a brief within the time required by Bankruptcy Rule 8009, the District Court may . . . dismiss the appeal").

But the error here reflects an even deeper flaw, one fundamentally fatal to the appeal. A party must file a notice of appeal from a bankrupcty judge's decision within 10 days of the entry of the judgment. FED. R. BANK. P. 8002(a); *see In re Novak*, 115 Fed. Appx. 467, 468 (2d Cir. 2004) (holding that joint debtors were required to appeal bankruptcy court's order awarding attorney fees within 10 days, where they did not seek extension of the 10-day appeal period). The debtor filed no notice of appeal for almost a month, from April 5, 2007 through May 2, 2007. Although a bankruptcy court may extend the time for filing a notice of appeal if an extension is requested in accordance with Federal Rule of Bankruptcy Procedure 8002(c), the debtor made no such request. Because the debtor's notice of appeal was untimely, the court must

dismiss her appeal for want of jurisdiction. *In re Am. President Lines, Ltd.*, 804 F.2d 1307, 1309 (D.C. Cir. 1986).

For the reasons stated herein, it is this 10th day of January, 2008, hereby

**ORDERED** that the appellant's motion for judicial review is **DENIED**; and it is

**FURTHER ORDERED** that the appeal is **DISMISSED**; it is

**SO ORDERED**.

                                          RICARDO M. URBINA
                                          United States District Judge